Hon. Edward J. Muhl Formal Opinion Superintendent of Insurance No. 97-F2 Insurance Department 160 West Broadway New York, N Y 10013
Dear Superintendent Muhl:
Your counsel has requested our opinion as to whether the Insurance Department has construed correctly the terms "private passenger motor vehicle" and "rental vehicle" as used in the State's collision damage waiver (CDW) statute (L 1988 Ch 784). Some background and the definition of several terms are necessary prior to specifying the issues presented.
The statute's legislative history indicates clearly that the CDW statute was designed to curb abuses by certain rental vehicle companies. Bill Jacket, L 1988 Ch 784, December 29, 1988 Governor's Memorandum of Approval and December 20, 1988 Attorney General Memorandum in Support. The statute mandates that automobile insurance policies issued on vehicles registered in New York State provide separate rental vehicle coverage.Id.It also prohibits rental vehicle companies from (1) holding authorized drivers liable for damage to a rental vehicle, subject to certain exceptions and a deductible; (2) charging their customers more than the actual cost of repairs to a damaged rental vehicle; (3) imposing mandatory charges beyond the rental price quoted and charging any optional fees unless such fees are disclosed in writing; and (4) charging for a collision damage waiver and engaging in numerous other unfair trade practices. Id.
As noted in the Bill Jacket, collision damage waivers were conceived as a means to relieve renters from liability for damage to their rental cars. In exchange for a payment by the renter, the company agreed to hold the renter harmless for damage to the vehicle. Id.In the 1980s, certain rental vehicle companies began to misrepresent the nature of CDW coverage, and some began
to charge unconscionable rates for CDW coverage.[1] These companies would advertise deceptively low daily or weekly rates for their passenger rental vehicles. Once the consumer arrived at the airport rental counter or other location to consummate the rental agreement, however, he or she was subjected to high-pressure sales tactics designed to extract unexpected and often unnecessary CDW charges.[2] Although consumers assumed that the purchase of a CDW would afford complete financial protection from liability in the event of damage to a rental vehicle, they often discovered numerous fine print loopholes that made CDW coverage worthless. Id.
To redress these practices, Chapter 784 added several provisions to the Insurance Law and the General Business Law. The Insurance Law was amended to include the following definitional provisions:
 For the purposes of this section, a "private passenger motor vehicle" is a motor vehicle:
 (1) of the private passenger or station wagon type that is owned or hired by an individual or by husband and wife under a long-term contract and is neither used as a public or livery conveyance for passengers nor rented to others without a driver; or
 (2) with a pick-up body, a delivery sedan, panel truck or van, owned by an individual or by husband and wife who are residents of the same household or by a family farm co-partnership or a family farm corporation, and not customarily used in the occupation, profession or business of the insured other than farming or ranching, whether or not used in the course of driving to or from work.
Insurance Law § 3440(a).
You have made two inquiries. The first concerns the statutory obligation of insurers offering liability insurance to provide rental vehicle coverage to their policyholders. Under section 3440(b) of the Insurance Law, insurers offering liability insurance policies for a "private passenger motor vehicle" registered in this State must offer coverage for actual damage to or loss of "rental vehicles" rented by an insured. That provision identifies the types of insurance policies that must include separate rental vehicle coverage.
 [E]very motor vehicle liability insurance policy which insures less than five private passenger motor vehicles registered in this state shall by endorsement, provide coverage for the obligation of the insured for actual damage to, or loss of, vehicles (including loss of use) rented by an insured in the United States, its territories or possessions and Canada under a rental agreement with a term of thirty continuous days or less, regardless of where within those areas such rental vehicle is registered, rented, or operated,. . . . The term "rental vehicle" shall be used as defined in section one hundred thirty-seven-a of the vehicle and traffic law, if a private passenger motor vehicleand not used for the transportation of persons or property for hire. Emphasis added.
Section 137-a defines a "rental vehicle" as "[a] vehicle owned by a person engaged in the business of renting or leasing vehicles which is rented or leased without a driver to a person other than the owner and is registered in the name of such owner". Section 131 of the Vehicle and Traffic Law defines "person" to include "[e]very natural person, firm, copartnership, association, or corporation".
The underlined language of section 3440(b) (above) has caused some insurance companies to question their responsibility to provide rental vehicle coverage for policyholders. Your counsel has explained the problem as follows:
 because of the § 3440(a) definition of `private passenger automobile' relating to the nature of ownership and use of the vehicle, such a definition would seem to eliminate coverage for any vehicle rented from a rental vehicle company such as Hertz, Avis, National, etc., the very kinds of rentals the legislation was obviously designed to cover.
 Counsel is referring to the fact that the definition of "private passenger motor vehicle" in section 3440(a) not only covers certain types of vehicles but also includes an ownership component.
 In our view, the ownership component of this term defines the insurance policyholders, subject to specific exceptions on use of the covered vehicles, who have the statutory right to receive from their insurance companies rental vehicle coverage. The types of vehicles included in the definition of "private passenger motor vehicle" are the vehicles of these insurance policyholders. If such a vehicle is registered in New York, and is not used for purposes specified in the statutory exceptions,[3]
the Insurance Law requires that the liability insurance policy on that vehicle must include separate coverage of a rental vehicle rented by the policyholder. The vehicles listed in the definition of "private passenger motor vehicle" also identify the types of rental vehicles which must be covered by the policyholder's insurance coverage. In other words, these vehicle types define the policyholder's car and a car he or she may rent.
 The ownership component of the term "private passenger motor vehicle", however, does not apply to the rental vehicle. If this component did apply to the rental vehicle, it would defeat a primary purpose of the CDW statute as indicated by the legislative history and would bring about an absurd result. Such a construction of the statute would prevent the realization of the clear legislative intent to provide individuals and others with insurance coverage on vehicles they rent from persons and companies in the business of providing rental vehicles. It also is contrary to well-accepted principles of statutory construction. A statute is to be construed as a whole and all parts of an act are to be read and construed together to determine the legislative intent. People v. Mobil Oil Corp., 48 N.Y.2d 192, 199 (1979). It is appropriate to consider the mischief sought to be remedied by the legislation, and to construe the statute in a manner that suppresses the evil and advances the remedy. Matter of New York Life Insurance Co. v. State Tax Commission, 80 A.D.2d 675, 677 (3d Dept), affd, 55 N.Y.2d 758 (1981). If possible, all parts of an enactment should be harmonized with each other as well as with the general intent of the whole enactment, and meaning and effect should be given to all provisions of the statute. Sanders v. Winship, 57 N.Y.2d 391, 396
(1982); Honeoye School Dist. v. Berle, 72 A.D.2d 25, 35 (4th Dept 1979).
 Applying these principles, liability insurance coverage which insures less than five "private passenger motor vehicles" registered in New York must provide coverage for obligations of the insured for actual damages to private passenger vehicles, station wagons, vans, pick-ups, delivery sedans and panel trucks which are rented by the insured from entities in the business of renting vehicles as defined by sections 137-a and 131 of the Vehicle and Traffic Law. This interpretation gives meaning and effect to all provisions, harmonizes the various provisions and achieves the legislative intent.
 Your second inquiry relates to the obligation of rental vehicle companies to hold renters harmless for damage to or loss of the rental vehicle. Chapter 784 amended General Business Law § 396-z(2) as follows:
 No rental vehicle company renting private passenger motor vehiclesshall, in rental agreements of not exceeding thirty continuous days, hold an authorized driver liable for actual damage to, or loss of, such rental vehicle (including loss of use) [subject to certain exceptions and a deductible]. Emphasis added.
Chapter 784 added both the protections for renters in section 396-z(2), and the definition of "private passenger motor vehicle" in section3440(a) of the Insurance Law. The General Business Law has no separate definition of that term. Apparently, the use in the General Business Law of the term, as defined in section 3440(a) of the Insurance Law, has caused some rental companies to question their obligations to limit the liability of renters.
We conclude that the Legislature clearly intended that the protection for renters apply to vehicles offered for rental by any person or organization in the business of renting out vehicles to the public. We believe that the reference to "private passenger motor vehicles" in section 396-z(2) was only intended to define the types of rental vehicles that are covered. The plain language of section 396-z(2), stating that "[n]o rental vehicle `company' . . . shall . . .", clearly indicates an intent to cover companies renting out vehicles. The term "rental vehicle company" is defined as "anyperson or organization . . . in the businessof providing rental vehicles to the public from locations in this state". General Business Law § 396-z(1)(d). Emphasis added. See also, Vehicle and Traffic Law § 137-a (defining rental vehicle). Meaning and effect can only be given to all parts of this provision and they can be harmonized by construing "private passenger motor vehicle" as a reference to types of vehicles and "rental vehicle company" as the definition of entities that must provide protection to renters. See, Sanders v.Winship, supra, 57 N.Y.2d at 396; Honeoye School Dist. v. Berle, supra,72 A.D.2d at 35. This interpretation achieves the clear statutory intent to protect renters against being held liable by companies for damages to rental vehicles (subject to a deductible and certain exceptions). See,Matter of New York Life Insurance Co. v. State Tax Commission, supra,80 A.D.2d at 677.
We agree, therefore, with the Insurance Department's interpretation of section 3440 of the Insurance Law and section 396-z(2) of the General Business Law. The term "private passenger motor vehicles", used in section 396-z(2) and in the description of rental vehicles in section3440(b) of the Insurance Law, refers to the types of vehicles listed in section 3440(a) of the Insurance Law. The ownership component of the term "private passenger motor vehicle" defines the beneficiaries of the obligation of insurance companies under Insurance Law § 3440(b) to provide coverage of rental vehicles.
We conclude that the Insurance Department has construed correctly the relevant provisions of law, consistent with established principles of statutory construction, to achieve the clear legislative intent underlying Chapter 784 of the Laws of 1988. The primary legislative purposes are to provide insurance policyholders who rent vehicles with insurance coverage for damage to their rental vehicles and to prohibit rental vehicle companies from holding renters liable, beyond $100, for damage to rental vehicles.
Very truly yours,
DENNIS C. VACCO
ATTORNEY GENERAL
[1] For example, some companies stated that CDW coverage was mandatory when it was not. Some of those companies overcharged consumers who declined CDW coverage beyond the actual cost of repairs to a damaged rental vehicle. Id.
[2] Compounding this situation is the fact that the purchase of a CDW was often unnecessary, since many consumers were already covered through their own personal automobile insurance policies or through the use of major credit cards. Id.
[3] Insurance companies are not required to provide rental vehicle coverage as part of the insurance policy on a private passenger vehicle or station wagon if it is used for public or livery conveyance of passengers or rented to others without a driver. Also, insurance companies need not provide this coverage on a pickup truck, delivery sedan, panel truck or van if the vehicle is used customarily in the occupation, profession or business of the insured, other than farming or ranching.